Michele R. Stafford, Esq. (SBN 172509)
Blake E. Williams, Esq. (SBN 233158)
SALTZMAN & JOHNSON LAW CORPORATION
44 Montgomery Street, Suite 2110
San Francisco, CA 94104
(415) 882-7900
(415) 882-9287 – Facsimile
mstafford@sjlawcorp.com
bwilliams@sjlawcorp.com

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NORTHERN CALIFORNIA GLAZIERS, ARCHITECTURAL METAL AND GLASS WORKERS PENSION PLAN, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>S.F. SILVER GLASS & MIRROR, INC., a California Corporation,<br><br>Defendant. | Case No: CV 10-0784 SI<br><br>**NOTICE AND ACKNOWLEDGMENT and JUDGMENT PURSUANT TO STIPULATION** |

IT IS HEREBY STIPULATED by and between the parties hereto, that Judgment may be entered in the within action in favor of the Plaintiffs NORTHERN CALIFORNIA GLAZIERS, ARCHITECTURAL METAL AND GLASS WORKERS PENSION PLAN, et al. (collectively "Plaintiffs" or "Trust Funds") and against Defendant S.F. SILVER GLASS & MIRROR, INC., a California Corporation, or successor entities ("Defendant"), as follows:

1. Defendant entered into a valid Collective Bargaining Agreement with the District Council No. 16 of the International Union of Painters and Allied Trades and the Northern California Glass Management Association (hereinafter "Bargaining Agreement"). This Bargaining Agreement has continued in full force and effect to the present time.

-1-
**JUDGMENT PURSUANT TO STIPULATION**
**Case No.: CV 10-0784 SI**

2.      Rosalba Camargo Martinez, RMO/CEO/President of Defendant S.F. Silver Glass & Mirror, Inc., hereby acknowledges that she is authorized to receive service and has received the following documents in this action: Summons; Complaint; Dispute Resolution Procedures in the Northern District of California; Order Setting Initial Case Management Conference and ADR Deadlines; Civil Standing Orders for Magistrate Judge Joseph C. Spero; Standing Order re Case Management Conference; Standing Order for All Judges of the Northern District of California; Notice of Rule Discontinuing Service by Mail; Instructions for Completion of ADR Forms Regarding Selection of an ADR Process; Stipulation and [Proposed Order] Selecting ADR Process; Notice of Need for ADR Phone Conference; ADR Certification by Parties and Counsel; Certification of Interested Entities or Persons Pursuant to Civil Local Rule 3-16; Declination to Proceed Before a Magistrate Judge and Request for Reassignment to a United States District Judge; Welcome to the U.S. District Court, San Francisco; Notice of Assignment to Case to a United States Magistrate Judge for Trial; Administrative Motion to Consider Whether Cases Should be Related Pursuant to Civil Local Rule 3-12; Notice of Impending Reassignment to a United States District Court Judge; Reassignment Order; and Notice.

3.      Defendant has become indebted to the Trust Funds as follows:

| | | | |
|---|---|---|---|
| March 2009 | 10% Liquidated Damages | $150.00 | |
| | 5% Interest (5/1/09 – 6/17/09) | $5.61 | |
| | | | $155.61 |
| April 2009 | 10% Liquidated Damages | $150.00 | |
| | 5% Interest (6/1/09 – 6/17/09) | $2.14 | |
| | | | $152.14 |
| May 2009 | 10% Liquidated Damages | $150.00 | |
| | 5% Interest (7/1/09 – 8/3/09) | $3.15 | |
| | | | $153.15 |
| June 2009 | Contributions Balance | $277.59 | |
| | 20% Liquidated Damages | $165.49 | |
| | 5% Interest (through 4/20/10) | $19.19 | |
| | | | $462.27 |
| July 2009 | Contributions | $145.94 | |
| | 20% Liquidated Damages | $150.00 | |
| | 5% Interest (through 4/20/10) | $4.64 | |
| | | | $300.58 |
| August 2009 | Contributions | $574.72 | |

|  |  |  |  |
|---|---|---|---|
|  | 20% Liquidated Damages | $150.00 |  |
|  | 5% Interest (through 4/20/10) | $15.90 |  |
|  |  |  | $740.62 |
| September 2009 | Contributions | $1,230.30 |  |
|  | 20% Liquidated Damages | $246.06 |  |
|  | 5% Interest (through 4/20/10) | $28.82 |  |
|  |  |  | $1,505.18 |
| October 2009 | Contributions | $1,736.36 |  |
|  | 20% Liquidated Damages | $347.27 |  |
|  | 5% Interest (through 4/20/10) | $33.54 |  |
|  |  |  | $2,117.17 |
| November 2009 | Contributions | $745.69 |  |
|  | 20% Liquidated Damages | $150.00 |  |
|  | 5% Interest (through 4/20/10) | $11.24 |  |
|  |  |  | $906.93 |
| December 2009 | Contributions | $4,123.82 |  |
|  | 20% Liquidated Damages | $824.76 |  |
|  | 5% Interest (through 4/20/10) | $44.63 |  |
|  |  |  | $4,993.21 |
| January 2010 | Contributions | $1,339.16 |  |
|  | 20% Liquidated Damages | $267.83 |  |
|  | 5% Interest (through 4/20/10) | $9.36 |  |
|  |  |  | $1,616.35 |
| February 2010 | Contributions | $3,597.18 |  |
|  | 20% Liquidated Damages | $719.44 |  |
|  | 5% Interest (through 4/20/10) | $9.86 |  |
|  |  |  | $4,326.48 |
| **SUBTOTAL** |  |  | **$17,429.69** |
| **Attorneys' Fees (through 4/20/10)** |  |  | **$3,197.50** |
| **Cost of Suit** |  |  | **$350.00** |
| **TOTAL DUE** |  |  | **$20,977.19** |

4.     Defendant shall pay the amount of **$20,977.19** representing all above amounts, as follows:

(a)     Beginning on May 10, 2010, and no later than the 10th day of each month thereafter for a period of twelve (12) months, through and including April 10, 2011, Defendant shall pay to Plaintiffs the amount of <u>$1,795.80 per month</u>.  Payments may be made by joint check, to be endorsed prior to submission;

      (b)    Defendant shall have the right to increase the monthly payments at any time and there is no penalty for early payment. Defendant may request a "payout demand" at any time during the payment period;

      (c)    Payments shall be applied first to unpaid interest and then to unpaid principal. The unpaid principal balance shall bear interest at the rate of 5% per annum in accordance with Plaintiffs' Trust Agreements;

      (d)    Payments shall be made payable to the "***District Council 16 Health and Welfare Trust Fund***," and delivered to Blake E. Williams at Saltzman & Johnson Law Corporation, 44 Montgomery Street, Suite 2110, San Francisco, California 94104, **to be <u>received</u> on or before the 10th day of each month**, or to such other address as may be specified by Plaintiffs;

      (e)    Prior to the last payment pursuant to this Stipulation, Plaintiffs will advise Defendant as to the final amount due, including interest and additional attorneys' fees and costs.

5.    Rosalba Camargo Martinez acknowledges that she is the RMO/CEO/President of S.F. SILVER GLASS & MIRROR, INC., and that she specifically consents to the Court's jurisdiction, as well as the use of a Magistrate Judge for all proceedings herein. Ms. Martinez (hereinafter "Guarantor") also confirms that she is personally guaranteeing the amounts due pursuant to the terms of this Stipulation and further acknowledges that all affiliates, related entities and successors in interest to S.F. SILVER GLASS & MIRROR, INC. and/or any subsequent entity wherein Ms. Martinez is a principal shall also be bound by the terms of this Stipulation as Guarantors, and also consent to this Court's jurisdiction as well as the use of a Magistrate Judge.

6.    For any work performed by employees of Defendant, beginning with hours worked, if any, during the month of March 2010, Defendant/Guarantor shall timely pay contributions, which were due on April 15, 2010, and will be delinquent if not received by April 30, 2010. For every month thereafter during the stipulated payment term herein, Defendant/Guarantor will remain current in contributions and all other obligations due to Plaintiffs under the terms of the Collective Bargaining Agreement by timely submitting monthly reports and contributions to the

-4-
**JUDGMENT PURSUANT TO STIPULATION**
**Case No.: CV 10-0784 SI**

Trust Funds. A copy of the contribution report and payment check must be faxed timely to Blake E. Williams at 415-882-9287.

7.  Failure by Defendant/Guarantor to remain current in reporting or payment of contributions shall constitute a default of the obligations under this agreement and the provisions of ¶10 shall apply. Any such unpaid or late paid contributions, together with 20% liquidated damages and 5% per annum interest accrued on the total contributions and liquidated damages, shall be added to and become a part of this Judgment and subject to the terms herein. Plaintiffs reserve all rights available under the applicable Bargaining Agreement and Declarations of Trust of the Trust Funds for collection of current and future contributions, and for any additional past contributions not included herein as may be determined by Plaintiffs, pursuant to employee timecards or paystubs, by audit, or other means, and the provisions of this agreement are in addition thereto. Defendant/Guarantor specifically waives the defense of the doctrine res judicata as to any such additional amounts determined as due.

8.  In the event that Defendant/Guarantor fails to make any payment referenced herein in a timely manner as required, or if payment is made and fails to clear the bank, or is unable to be negotiated for any reason, Defendant/Guarantor shall be considered to be in default of this Stipulation.

9.  Defendant shall make full disclosure of all jobs on which she is working by providing Plaintiffs with an ongoing and updated list of jobs including, but not limited to, name and address of job, and identity of general contractor. **Defendant shall fax said updated list by the 10th day of each month to Blake E. Williams at 415-882-9287.**

10. In the event a default is not cured, all amounts remaining due hereunder, as well as any additional amounts due pursuant to the terms herein, shall be due and payable immediately. All future payments shall be made by cashier's check if the default was caused by a failed check. In the event that a default is not timely cured, the following will occur:

   (a)  The entire balance of $**20,977.19** as specified in paragraph 3**,** plus interest as specified above, but reduced by principal payments received from Defendant/Guarantor, in

addition to any unpaid contributions then due plus 20% liquidated damages and 5% per annum interest thereon, shall be immediately due and payable, together with any additional attorneys' fees and costs incurred in this matter;

(b)  A writ of execution may be obtained against Defendant/Guarantor without notice in the amount of the unpaid balance, plus any additional amounts under the terms herein, upon declaration by a duly authorized representative of the Plaintiffs setting forth any payment theretofore made by or on behalf of Defendant/Guarantor and the balance due and owing as of the date of default.  <u>Defendant/Guarantor specifically consents to the authority of a Magistrate Judge for all proceedings, including, but not limited to, Plaintiffs' obtaining a writ of execution herein</u>;

(c)  Defendant/Guarantor expressly waives all rights to stay of execution and appeal.  The declaration or affidavit of a duly authorized representative of Plaintiffs as to the balance due and owing as of the date of default shall be sufficient to secure the issuance of a Writ of Execution, without notice to Defendant/Guarantor;

(d)  Defendant/Guarantor shall pay all additional costs and attorneys' fees incurred by Plaintiffs in connection with collection and allocation of the amounts owed to Plaintiffs under this Stipulation regardless of whether or not Defendant/Guarantor defaults herein.

11.  In the event of the filing of a bankruptcy petition by the Defendant/Guarantor, the parties agree that any payments made pursuant to the terms of this Judgment, shall be deemed to have been made in the ordinary course of business as provided under 11 U.S.C. Section 547(c)(2) and shall not be claimed by Defendant/Guarantor as a preference under 11 U.S.C. Section 547 or otherwise.  Defendant/Guarantor nevertheless represents that no bankruptcy filing is anticipated.

12.  Any failure on the part of the Plaintiffs to take any action against Defendant/Guarantor as provided herein in the event of any breach of the provisions of this Stipulation shall not be deemed a waiver of any subsequent breach by the Defendant/Guarantor of any provisions herein.

13.  Should any provision of this Stipulation be declared or determined by any court of competent jurisdiction to be illegal, invalid, or unenforceable, the legality, validity, and

1  enforceability of the remaining parts, terms or provisions shall not be affected thereby and said
2  illegal, unenforceable or invalid part, term, or provision shall be deemed not to be part of this
3  Stipulation.

4      14.    This Stipulation is limited to the agreement between the parties with respect to the
5  delinquent contributions and related sums enumerated herein, owed by Defendant/Guarantor to the
6  Plaintiffs.  This Stipulation does not in any manner relate to withdrawal liability claims, if any.
7  Defendant/Guarantor acknowledges that the Plaintiffs expressly reserve their right to pursue
8  withdrawal liability claims, if any, against Defendant/Guarantor as provided by the Plaintiffs' Plan
9  Documents, Trust Agreements incorporated into their Collective Bargaining Agreement, and the
10 law.

11     15.    All parties represent and warrant that they have had the opportunity to be or have
12 been represented by counsel of their own choosing in connection with entering this Stipulation
13 under the terms and conditions set forth herein, and that they enter into this Stipulation voluntarily.
14 / / /
15 / / /
16 / / /
17 / / /
18 / / /
19 / / /
20 / / /
21 / / /
22 / / /
23 / / /
24 / / /
25 / / /
26 / / /
27 / / /
28

-7-
**JUDGMENT PURSUANT TO STIPULATION**
**Case No.: CV 10-0784 SI**

P:\CLIENTS\GLACL\SILVER8\Pleadings\Complaint - 1209\C10-0784 SI - Judgment Pursuant to Stipulation 042010.doc

16. This Stipulation may be executed in any number of counterparts and by facsimile, each of which shall be deemed an original and all of which shall constitute together one and the same instrument.

| | |
|---|---|
| Dated: April 21, 2010 | **S.F. SILVER GLASS & MIRROR, INC.** |
| | By: _____/s/_____<br>Rosalba Camargo Martinez<br>RMO/CEO/President |
| Dated: April 21, 2010 | **ROSALBA CAMARGO MARTINEZ** |
| | _____/s/_____<br>Individually |
| Dated: April 21, 2010 | **SALTZMAN AND JOHNSON LAW CORPORATION** |
| | _____/s/_____<br>Blake E. Williams<br>Attorneys for Plaintiffs |

**IT IS SO ORDERED**.

Dated: _____, 2010         _____/s/ Susan Illston_____
                                     UNITED STATES DISTRICT COURT JUDGE

-8-
**JUDGMENT PURSUANT TO STIPULATION**
**Case No.: CV 10-0784 SI**

P:\CLIENTS\GLACL\SILVER8\Pleadings\Complaint - 1209\C10-0784 SI - Judgment Pursuant to Stipulation 042010.doc