Michele R. Stafford, Esq. (SBN 172509)
Blake E. Williams, Esq. (SBN 233158)
SALTZMAN & JOHNSON LAW CORPORATION
44 Montgomery Street, Suite 2110
San Francisco, CA 94104
(415) 882-7900
(415) 882-9287 – Facsimile
mstafford@sjlawcorp.com
bwilliams@sjlawcorp.com

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NORTHERN CALIFORNIA GLAZIERS, ARCHITECTURAL METAL AND GLASS WORKERS PENSION PLAN, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>S.F. SILVER GLASS & MIRROR, INC., a California Corporation,<br><br>Defendant. | Case No: C10-0784 SI<br><br>***FIRST AMENDED* JUDGMENT PURSUANT TO STIPULATION** |

THIS SERVES TO AMEND the Notice and Acknowledgment and Judgment Pursuant to Stipulation previously entered into between Plaintiffs NORTHERN CALIFORNIA GLAZIERS TRUST FUNDS, et al. ("Plaintiffs") and Defendant S.F. SILVER GLASS & MIRROR, INC., a California Corporation ("Defendant"), to pay delinquent amounts due to Plaintiffs for the months of June 2009 through February 2010, on April 23, 2010. Defendants have requested that the previous stipulation be amended to include additional amounts due to Plaintiffs. This document ("First Amended Stipulation") shall, upon execution by all parties, supersede the previous stipulation and become the operating document between the parties.

IT IS HEREBY STIPULATED by and between the parties hereto, that Judgment may be entered in the within action in favor of the Plaintiffs NORTHERN CALIFORNIA GLAZIERS, ARCHITECTURAL METAL AND GLASS WORKERS PENSION PLAN, et al. (collectively

1 | "Plaintiffs" or "Trust Funds") and against Defendant S.F. SILVER GLASS & MIRROR, INC., a California Corporation, or successor entities ("Defendant"), as follows:

    1.    Defendant entered into a valid Collective Bargaining Agreement with the District Council No. 16 of the International Union of Painters and Allied Trades and the Northern California Glass Management Association (hereinafter "Bargaining Agreement"). This Bargaining Agreement has continued in full force and effect to the present time.

    2.    Rosalba Camargo Martinez, RMO/CEO/President of Defendant S.F. Silver Glass & Mirror, Inc., hereby acknowledges that she is authorized to receive service and has received the following documents in this action: Summons; Complaint; Dispute Resolution Procedures in the Northern District of California; Order Setting Initial Case Management Conference and ADR Deadlines; Civil Standing Orders for Magistrate Judge Joseph C. Spero; Standing Order re Case Management Conference; Standing Order for All Judges of the Northern District of California; Notice of Rule Discontinuing Service by Mail; Instructions for Completion of ADR Forms Regarding Selection of an ADR Process; Stipulation and [Proposed Order] Selecting ADR Process; Notice of Need for ADR Phone Conference; ADR Certification by Parties and Counsel; Certification of Interested Entities or Persons Pursuant to Civil Local Rule 3-16; Declination to Proceed Before a Magistrate Judge and Request for Reassignment to a United States District Judge; Welcome to the U.S. District Court, San Francisco; Notice of Assignment to Case to a United States Magistrate Judge for Trial; Administrative Motion to Consider Whether Cases Should be Related Pursuant to Civil Local Rule 3-12; Notice of Impending Reassignment to a United States District Court Judge; Reassignment Order; and Notice.

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

3.     Defendant has become indebted to the Trust Funds as follows:

| | | | |
|---|---|---:|---:|
| Previous Stipulation | Balance | $8,886.92 | |
| | 5% Interest (through 1/5/11) | $34.09 | |
| | | | $8,921.01 |
| July 2010 | Contributions | $516.48 | |
| | 20% Liquidated Damages | $103.30 | |
| | 5% Interest (through 1/5/11) | $8.99 | |
| | | | $628.77 |
| August 2010 | Contributions (est.) | $516.48 | |
| | 20% Liquidated Damages (est.) | $103.30 | |
| | 5% Interest (through 1/5/11) (est.) | $4.67 | |
| | | | $624.45 |
| September 2010 | Contributions | $418.00 | |
| | 20% Liquidated Damages | $83.60 | |
| | 5% Interest (through 1/5/11) | $3.78 | |
| | | | $505.38 |
| October 2010 | Contributions (est.) | $418.00 | |
| | 20% Liquidated Damages (est.) | $83.60 | |
| | 5% Interest (through 1/5/11) (est.) | $2.06 | |
| | | | $503.66 |
| November 2010 | Contributions (est.) | $418.00 | |
| | 20% Liquidated Damages (est.) | $83.60 | |
| | 5% Interest (through 1/5/11) (est.) | $0.29 | |
| | | | $501.89 |
| Audit | Underpaid Contributions | $46,593.24 | |
| | Testing Fees | $2,553.00 | |
| | 20% Liquidated Damages | $9,318.65 | |
| | 5% Interest (through 3/31/10) | $6,937.89 | |
| | Additional Interest (4/1/10 – 1/5/11) | $1,787.14 | |
| | | | $67,189.92 |
| | **SUB-TOTAL:** | | **$78,875.08** |
| Attorneys Fees (4/21/10 – 1/5/11) | | | **$8,114.00** |
| Costs (4/21/10 – 1/5/11) | | | **$64.84** |
| | **TOTAL:** | | **$87,053.92** |

4.     Defendant shall *conditionally* pay the amount of **$77,277.87**, representing all of the above amounts, less liquidated damages in the amount of **$9,776.05**. *This waiver is expressly conditioned upon the Trustees' approval, and is to be requested, upon timely compliance with all of the terms of this Stipulation*, as follows:

-3-
*FIRST AMENDED* **JUDGMENT PURSUANT TO STIPULATION**
**Case No.: C10-0784 SI**

(a) Beginning on February 21, 2011, and no later than the 21st day of each month thereafter for a period of six (6) months, through and including July 21, 2011, Defendant shall pay to Plaintiffs the amount of $2,500.00 per month;

(b) Beginning on August 21, 2011, and no later than the 21st day of each month thereafter for a period of six (6) months, through and including January 21, 2012, Defendant shall pay to Plaintiffs the amount of $3,000.00 per month;

(c) Beginning on February 21, 2012, and no later than the 21st day of each month thereafter for a period of twelve (12) months, through and including January 21, 2013, Defendant shall pay to Plaintiffs the amount of $3,750.00 per month;

(d) Payments may be made by joint check, to be endorsed prior to submission;

(e) Defendant shall have the right to increase the monthly payments at any time and there is no penalty for early payment. Defendant may request a "payout demand" at any time during the payment period;

(f) Payments shall be applied first to unpaid interest and then to unpaid principal. The unpaid principal balance shall bear interest at the rate of 5% per annum in accordance with Plaintiffs' Trust Agreements;

(g) Payments shall be made payable to the "***District Council 16 Health and Welfare Trust Fund***," and delivered to Blake E. Williams at Saltzman & Johnson Law Corporation, 44 Montgomery Street, Suite 2110, San Francisco, California 94104, **to be received on or before the 21st day of each month**, or to such other address as may be specified by Plaintiffs;

(h) At the time that Defendant makes its last (January 21, 2013) monthly payment under the terms of this Stipulation, Defendant may submit a written request for waiver of liquidated damages directed to the Board of Trustees, but sent to Saltzman and Johnson Law Corporation with that payment. Defendant will be advised as to whether or not the waiver has been granted prior to the final payment hereunder.

(f) Failure to comply with any of the above terms shall also constitute a default of the obligations under this Agreement and the provisions of ¶ 11 shall apply.

5. In the event that any check paid pursuant to any of the terms hereunder is not timely submitted, not timely endorsed (in the case of a Joint Check) submitted by Defendant but fails to clear the bank, or is otherwise unable to be negotiated for any reason for which Defendant is responsible, this shall be considered to be a default on the Judgment entered. If this occurs, Plaintiffs shall make a written demand to Defendant to cure said default. Notice may be provided by email, but in the event of such notice, a copy of the notice shall also be sent by either fax or mail. Default will only be cured by the issuance of a replacement, **cashier's check**, delivered to Saltzman and Johnson Law Corporation within seven (7) days of the date of the notice from Plaintiffs. If Defendant elects to cure said default, and Plaintiffs elect to accept future payments, all such payments shall be made by cashier's check at Plaintiffs' request. Failure to make payments pursuant to cashier's check, if applicable, shall constitute a default under the terms of this Judgment.

In the event default is not cured, all amounts remaining due hereunder shall be due and payable on demand by Plaintiffs.

6. Beginning with contributions due for hours worked by Defendant's employees during the month of December 2010, due on January 15, 2011 and considered delinquent if not postmarked later than January 31, 2011, and for every month thereafter that the Bargaining Agreement remains in effect, Defendant **shall remain current in contributions** due to Plaintiffs under the current Collective Bargaining Agreement and under all subsequent Collective Bargaining Agreements, if any, and the Declarations of Trust as amended. **Defendant shall fax a copy of the contribution report for each month, together with a copy of that payment check, to Blake E. Williams at 415-882-9287, prior to sending the payment** t**o the Trust Fund office.**

Failure to comply with these terms shall also constitute a default of the obligations under this Agreement and the provisions of ¶ 11 shall apply.

7. Defendant shall make full disclosure of all jobs on which it is working by providing Plaintiffs with an ongoing and updated list of jobs including, but not limited to, the name and address of the job, the start and completion dates, the identity of General Contractor/Owner/Developer, and by providing certified payroll if a public works job. **To the**

**1  extent that Defendant is working on a Public Works job, or any other job for which**
**2  Certified Payroll Reports are required, copies of said Reports will be faxed to Blake E.**
**3  Williams concurrently with their submission to the General Contractor, Owner or other**
**4  reporting agency**.

**5       Defendant shall fax said updated list each month (or sooner if required elsewhere**
**6  herein) together with the contribution report (as required by ¶ 6 of this Stipulation) to Blake**
**7  E. Williams at 415-882-9287.**  Attached hereto as *Exhibit A* is a Job Report form which is to be
**8**  completed each month.

9       8.    Failure by Defendant to remain current in its contributions shall constitute a default
10  of the obligations under this agreement and the provisions of ¶ 11 shall apply.  Any such unpaid or
11  late paid contributions, together with 20% liquidated damages and 5% per annum interest accrued
12  on the total contributions and liquidated damages, shall be added to and become a part of this
13  Judgment and subject to the terms herein.  Plaintiffs reserve all rights available under the
14  applicable Bargaining Agreement and Declarations of Trust of the Trust Funds for collection of
15  current and future contributions, and for any additional past contributions not included herein as
16  may be determined by Plaintiffs, pursuant to employee timecards or paystubs, by audit, or other
17  means, and the provisions of this Agreement are in addition thereto.  Defendant specifically
18  waives the defense of the doctrine *Res Judicata* as to any such additional amounts determined as
19  due.

20      9.    Rosalba Camargo Martinez acknowledges that she is the RMO/CEO/President of
21  S.F. SILVER GLASS & MIRROR, INC., and that she specifically consents to the Court's
22  jurisdiction, as well as the use of a Magistrate Judge for all proceedings herein.  Ms. Martinez
23  (hereinafter "Guarantor") also confirms that she is personally guaranteeing the amounts due
24  pursuant to the terms of this Stipulation and further acknowledges that all affiliates, related entities
25  and successors in interest to S.F. SILVER GLASS & MIRROR, INC. and/or any subsequent
26  entity wherein Ms. Martinez is a principal shall also be bound by the terms of this Stipulation as
27  Guarantors, and also consent to this Court's jurisdiction as well as the use of a Magistrate Judge.
28

10. Prior to the last payment pursuant to this Stipulation, Plaintiffs shall advise Defendant, in writing, of the remaining amounts due, including any additional amounts claimed pursuant to the Stipulation, which shall include, but not be limited to, any additional interest and attorneys' fees and costs incurred in this matter.  Said amount shall be paid with the last payment, upon demand by Plaintiffs.

11. In the event that Defendant is in default of any provision of this Stipulation, including, but not limited to, failing to make any payment required under ¶ 3 above, or failing to remain current in any contributions under ¶ 6 above, then:

(a) The entire amount of **$87,053.92** plus interest, reduced by principal payments received by Plaintiffs, but increased by any unpaid contributions then due, plus 20% liquidated damages and 5% per annum interest thereon, shall be immediately due, together with any additional attorneys' fees and costs incurred in this action, including those identified under section (d) below;

(b) A Writ of Execution may be obtained against Defendant without further notice, in the amount of the unpaid balance, plus any additional amounts under the terms herein, upon declaration of a duly authorized representative of the Plaintiffs setting forth any payment theretofore made by or on behalf of Defendant and the balance due and owing as of the date of default. <u>Defendant specifically consents to the authority of a Magistrate Judge for all proceedings, including, but not limited to, Plaintiffs' obtaining a Writ of Execution</u>;

(c) Defendant waives notice of Entry of Judgment and expressly waives all rights to stay of execution and appeal.  The declaration or affidavit of a duly authorized representative of Plaintiffs as to the balance due and owing as of the date of default shall be sufficient to secure the issuance of a Writ of Execution;

(d) Defendant shall pay all additional costs and attorneys' fees incurred by Plaintiffs in connection with this matter, including those incurred for collection and allocation of the amounts owed by Defendant to Plaintiffs under this Stipulation.  The additional attorneys' fees and costs shall be paid by Defendant as set forth above, regardless of whether or not Defendant defaults under the terms of this Stipulation.

12. Any failure on the part of the Plaintiffs to take any action against Defendant as provided herein in the event of any breach of the provisions of this Stipulation shall not be deemed a waiver of any subsequent breach by the Defendant of any provisions herein.

13. In the event of the filing of a bankruptcy petition by Defendant, the parties agree that any payments made by Defendant pursuant to the terms of this Judgment, shall be deemed to have been made in the ordinary course of business as provided under 11 U.S.C. Section 547(c)(2) and shall not be claimed by Defendant as a preference under 11 U.S.C. Section 547 or otherwise. Defendant nevertheless represents that no bankruptcy filing is anticipated.

14. This Stipulation is limited to the agreement between the parties with respect to the delinquent contributions and related sums enumerated herein, owed by Defendant to the Plaintiffs. This Stipulation does not in any manner relate to withdrawal liability claims, if any. Defendant acknowledges that the Plaintiffs expressly reserve their right to pursue withdrawal liability claims, if any, against Defendant as provided by the Plaintiffs' Plan Documents, Trust Agreements incorporated into their Collective Bargaining Agreement, and the law.

15. Should any provision of this Stipulation be declared or determined by any court of competent jurisdiction to be illegal, invalid, or unenforceable, the legality, validity, and enforceability of the remaining parts, terms or provisions shall not be affected thereby and said illegal, unenforceable or invalid part, term, or provision shall be deemed not to be part of this Stipulation.

16. This Stipulation contains all of the terms agreed by the parties and no other agreements have been made. Any changes to this Stipulation shall be effective only if made in writing and signed by all parties hereto.

17. This Stipulation may be executed in any number of counterparts and by facsimile, each of which shall be deemed an original and all of which shall constitute the same instrument.

18. The parties agree that the Court shall retain jurisdiction of this matter until this Judgment is satisfied.

19. All parties represent and warrant that they have had the opportunity to be or have been represented by counsel of their own choosing in connection with entering this Stipulation

-8-
*FIRST AMENDED* **JUDGMENT PURSUANT TO STIPULATION**
**Case No.: C10-0784 SI**

under the terms and conditions set forth herein, and that they enter into this Stipulation voluntarily and without duress.

Dated: January 28, 2011         **S.F. SILVER GLASS & MIRROR, INC.**

By: _____/s/_____
    Rosalba Camargo Martinez
    RMO/CEO/President

Dated: January 28, 2011         **ROSALBA CAMARGO MARTINEZ**

_____/s/_____
Individually as Personal Guarantor

Dated: January 28, 2011         **SALTZMAN AND JOHNSON LAW CORPORATION**

_____/s/_____
Blake E. Williams
Attorneys for Plaintiffs

**IT IS SO ORDERED**.

Dated: ___2/2/11___, 2011         _____
                                  UNITED STATES DISTRICT COURT JUDGE

# EXHIBIT A

FIRST AMENDED JUDGMENT PURSUANT TO STIPULATION
Northern California Glaziers Trust Funds v. S.F. Silver Glass & Mirror, Inc.
*USDC, Case No.: C10-0784 SI*

***FIRST AMENDED***
***JUDGMENT PURSUANT TO STIPULATION***

***JOB REPORT FORM***

**\*\*\* Updated report must be faxed to Blake E. Williams, Esq., at (415) 882-9287 on the 21st day of each month \*\*\***

Employer Name: _____

Report for the month of _____   Submitted by (print name): _____

| | | | |
|---|---|---|---|
| Project Name: | | | |
| Project Address: | | | |
| General Contractor: | | | |
| Contract #: | | Date of Contract: | |
| Total Value of Contract: | | | |
| Work Start Date: | | Work Completion Date: | |

| | | | |
|---|---|---|---|
| Project Name: | | | |
| Project Address: | | | |
| General Contractor: | | | |
| Contract #: | | Date of Contract: | |
| Total Value of Contract: | | | |
| Work Start Date: | | Work Completion Date: | |

| | | | |
|---|---|---|---|
| Project Name: | | | |
| Project Address: | | | |
| General Contractor: | | | |
| Contract #: | | Date of Contract: | |
| Total Value of Contract: | | | |
| Work Start Date: | | Work Completion Date: | |

| | | | |
|---|---|---|---|
| Project Name: | | | |
| Project Address: | | | |
| General Contractor: | | | |
| Contract #: | | Date of Contract: | |
| Total Value of Contract: | | | |
| Work Start Date: | | Work Completion Date: | |